IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RODNEY GADDIS PORTER, #L3775**                                        **PETITIONER**

**VERSUS**                                                **NO. 1:06cv226-WJG-JMR**

**DOLAN WALLER and JIM HOOD**                                      **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before this Court on the Respondents' Motion [7-1] to Dismiss Pursuant to § 2244(d). Having considered the Respondents' Motion [7-1], Porter's Response [8-1] to Motion to Dismiss, along with the entire record and the applicable law, this Court finds that Respondents' Motion [7-1] is well-taken and should be granted. Accordingly, Porter's petition in the above-captioned action should be dismissed.

## STATEMENT OF THE CASE

On November 21, 2002, Rodney Porter was convicted of murder (Count I) and taking possession of a motor vehicle (Count II) in the Circuit Court of Harrison County, Mississippi. *See* Final Judgment attached as Exhibit "A" to Respondents' Motion to Dismiss Pursuant to § 2244(d). Porter was sentenced to serve a term of life imprisonment on Count I and a concurrent sentence of five (5) years on Count II in the custody of the Mississippi Department of Corrections. *Id*. In a written opinion, the Mississippi Court of Appeals affirmed Porter's conviction and sentences on October 5, 2004. *See Porter v. State*, 885 So.2d 92 (Miss. App. 2004) attached as Exhibit "B" to Respondents' Motion to Dismiss Pursuant to § 2244(d). Porter failed to timely seek discretionary review in state court by filing a petition for rehearing in the Mississippi Supreme Court as provided for in the Mississippi Rule of Appellate Procedure 40. Due to Porter's failure to timely seek

discretionary review, his conviction became final on October 19, 2004, which is fourteen (14) days after his conviction was affirmed by the Mississippi Court of Appeals. *See* M.R.A.P. 40(a). Accordingly, to comply with the statute of limitations provision of 28 U.S.C. § 2244(d), Porter had one year, or until October 19, 2005 to file his habeas petition.

On September 15, 2005, Porter filed a motion he titled "Motion to Stop Time Toll" with the Mississippi Supreme Court. *See* Motion to Stop Time Toll attached as Exhibit "C" to Respondents' Motion to Dismiss Pursuant to § 2244(d). In that motion, Porter sought additional time to file his habeas petition because he had not yet finished drafting the petition and the October 19, 2005 was looming. *Id.* On September 20, the Mississippi Court of Appeals dismissed Porter's motion finding that the Court could not grant the relief Porter requested. *See* Order attached as Exhibit "D" to Respondents' Motion to Dismiss Pursuant to § 2244(d). On October 18, 2005, Porter filed a motion with the Mississippi Supreme Court entitled "Application for Leave to File Motion for Post-Conviction Collateral Relief." *See* Exhibit "E" of Respondents' Motion to Dismiss Pursuant to § 2244(d). On November 10, 2005, the Mississippi Supreme Court filed an Order requiring the Clerk of the Court to return Porter's application for failure to comply with the statutory requirements of Miss. Code Ann. § 99-39-9 and the procedural requirements of Miss. Code Ann. § 99-39-27. *See* Order attached as Exhibit "F" to Respondents' Motion to Dismiss Pursuant to § 2244(d).

On January 23, 2006, Porter also filed with the Mississippi Supreme Court a pleading entitled "Application to Proceed in the Trial Court" with an attached Motion for Post Conviction Relief. *See* Exhibit "G" of Respondents' Motion to Dismiss Pursuant to § 2244(d). On February 15, 2006, the Mississippi Supreme Court denied Porter's Application and Motion holding that Porter's claims that he received ineffective assistance of counsel failed to meet both prongs of *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052 (1984) and his claim that he was denied due

process of law was without merit. *See* Order attached as Exhibit "H" to Respondents' Motion to Dismiss Pursuant to § 2244(d). On March 20, 2006, Porter filed his Petition [1-1] for Writ of Habeas Corpus, which is the subject of Respondents' Motion [7-1] to Dismiss Pursuant to § 2244(d). On December 14, 2006, the Court entered an Order [10-1] requiring the Respondents to supplement their Motion to Dismiss. Specifically, the Court wanted the Respondents to address Porter's claims that he was afforded ineffective assistance of counsel and that his due process rights were violated by the trial court's comments concerning rape during the voir dire examination. Additionally, the Court requested that Respondents provide the Clerk of Court with a copy of the State Court transcript. On January 16, 2007, the Respondents complied with the Court's Order.

## ANALYSIS

### I.  Porter's Habeas Petition is Barred by 28 U.S.C. § 2244

The Respondent's argue that Porter's Habeas petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

Porter was convicted of murder and taking possession of a motor vehicle on November 21, 2002. The Mississippi Court of Appeals affirmed Porter's conviction and sentences on October 5, 2004. Porter failed to timely seek discretionary review in state court by filing a petition for rehearing

as provided for in the Mississippi Rule of Appellate Procedure 40.  Therefore, Porter's conviction became final on October 19, 2004, which is fourteen (14) days after his conviction was affirmed by the Mississippi Court of Appeals.  *See* M.R.A.P. 40(a).  In order to toll the one year statute of limitations period of 28 U.S.C. § 2244(d), Porter was required to file his habeas petition on or before October 19, 2005.  Porter did file a motion before the deadline which he titled "Motion to Stop Time Toll" with the Mississippi Supreme Court on September 15, 2005.  Five (5) days later, the Mississippi Court of Appeals dismissed Porter's motion finding that the Court could not grant the relief Porter requested.  Respondents argue that this motion did not serve to toll the limitations period and that even assuming *arguendo* that it did toll the limitations period, the pleading was only pending for five (5) days and would not serve to make the instant petition timely filed.

On October 18, 2005, one day before the October 19, 2005, deadline, Porter filed an "Application for Leave to File Motion Post-Conviction Collateral Relief."  Porter's Application was dismissed by the Mississippi Supreme Court on November 10, 2005, some twenty-three (23) days later.  Respondents argue that although the pleading was filed one (1) day before the limitations period expired, the application failed to comply with the filing requirements of state law and therefore, was not a "properly filed" motion such as to toll the limitations period.  The Respondents rely on *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, L.Ed.2d. 213 (2000) and *Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir. 2004) to support their argument that an application which fails to comply with the state procedural rules is not a "properly filed" application.

The United States Supreme Court held that "an application is 'properly filed' when  its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz,* 531 U.S. at 8, 121 S.Ct. 361.  The Court went on to say that  these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be

lodged, and the requisite filing fee." *Id.* In Regards to Porter's Application and Motion filed on October 18, 2005, the Mississippi Supreme Court issued an Order requiring the Clerk of the Court to return Porter's application for failure to comply with the statutory requirements of Miss. Code Ann. § 99-39-9 and the procedural requirements of Miss. Code Ann. § 99-39-27. Thus, Porter's Application and Motion were not "properly filed" as such to toll the one-year statute of limitations. The Respondents point out that even if these pleadings were "properly filed," they were pending for only twenty-three (23) days and would not serve to make the instant petition timely filed. The final pleading filed by Porter in state court was an "Application for Leave to Proceed in the Trial Court." This pleading was not filed until January 23, 2006, some ninety-six (96) days after the October 19, 2005 deadline and therefore does not trigger the tolling provisions of 28 U.S.C. § 2244(d). On March 20, 2006. Porter filed his Petition for Writ of Habeas Corpus, which is the subject of Respondents' Motion [7-1].

According to the mailbox rule, a petitioner's *pro se* federal habeas petition is deemed filed on the date the petitioner delivers the petition to prison officials for mailing to the court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The initial petition filed by Porter was not signed; but the petition was received and stamped as "filed" in the district court on March 20, 2006. Allowing Porter the benefit of the standard three (3) days for mailing time accounting for the date when Porter delivered the petition to prison officials for mailing, his petition would be deemed filed on or about March 16, 2006. This date is one-hundred and forty eight (148) days past the October 19, 2005, deadline for filing his federal habeas petition. This Court finds that Porter's pleadings entitled: "Motion to Stop Time Toll," filed with the Mississippi Supreme Court on September 15, 2005, and "Application for Leave to File Motion Post-Conviction Collateral Relief," also filed with the Mississippi Supreme Court on October 18, 2005, do not serve to toll the one year statute of

limitations provision codified by 28 U.S.C. § 2244(d). Even if the Court found that these pleadings tolled the limitations period, the time actually tolled by these pleadings, twenty eight (28) days, would not make Porter's current petition timely.

Porter's failure to file his petition within the statutory deadline warrants dismissal of his petition. Additionally, Porter fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). As noted above, Porter failed to respond to the Respondent's Motion [7-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling. Porter's Petition is therefore barred by § 2244(d).

## II. Porter's Claims Arguing That He Was Afforded Ineffective Assistance of Counsel Must Fail

Although the Court finds that Porter's petition is barred under 28 U.S.C. § 2244(d), the Court will nevertheless address his claim that he was afforded ineffective assistance of counsel at the trial level. Porter raises numerous allegations in support of his argument that counsel at trial was ineffective. These allegations include: 1) Defense counsel should have moved to quash the indictment which had been filed without taking into account that Petitioner had been the victim of a prior sexual assault by the deceased and was illegally detained at decedent's home; 2) Defense counsel failed to adequately challenge the state's evidence and failed to investigate the factual events; 3) Counsel failed to pursue a manslaughter instruction, as an independent issue, at trial and

on direct appeal; 4) Counsel failed to properly investigate the scene of the murder or call witnesses with personal knowledge of the scene; 5) Counsel failed to object to state's improper closing arguments; 6) Counsel failed to object to state's improper strikes of jury venire; 7) Counsel failed to introduce evidence of Petitioner's bipolar disorder; and 8) The cumulative effect of counsel's ineffective assistance deprived him of his constitutional right to a fair trial. *Id.* *See* Petitioner's Motion for Post Conviction Relief pp. 2-5. Additionally, Porter argues that his due process rights were violated by the trial court's comments concerning rape during the voir dire examination.

## Standard of Review

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2254, which governs the standard of review for petitions for writs of habeas corpus filed by prisoners in state custody. The AEDPA amendments apply to all cases filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).[1] Porter filed his federal Petition [1-1] in this Court on March 20, 2006. Therefore, this Court will apply § 2254, as amended by the AEDPA.

The amended version of § 2254(d) governs the standard of review and provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved with an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

---

[1] This Court notes that *Lindh* effectively overrules *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir. 1996), *cert. denied* 520 U.S. 1107 (1997), on this point. *Nobles v. Johnson*, 127 F.3d 409, 413 & n.4 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998); *Green v. Johnson*, 116 F.3d 1115, 1120 n.2 (5th Cir. 1997).

28 U.S.C. § 2254(d) (1994 ed., Supp. III).

The United States Supreme Court, in *Williams v. Taylor*, explicated the level of deference required under the AEDPA amendments. *Williams v. Taylor*, 529 U.S. 362 (2000). The Court made a general but important point when it stated that "§2254(d)(1) places a new constraint on the power of a federal habeas Court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state Court." *Id.* at 412. More specifically, the Court addressed the two ways in which a state Court decision could be "contrary to" clearly established precedent:

> First, a state-court decision is contrary to this Court's precedent if the state Court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state Court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Id.* at 405.

The Court then discussed the standard set forth in the "unreasonable application" clause. The Court explained that issues which involve a state Court's application of law to facts (i.e., mixed questions) require a federal habeas Court to utilize an analysis derived from the AEDPA's "unreasonable application" clause. *Id.* at 408-09. The Court summarized its "unreasonable application" clause analysis as follows: "[A] federal habeas Court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of that prisoner's case." *Id.* at 413; *see also Tucker v. Johnson*, 242 f.3d 617, 621 & n.5 (5th Cir.)(quoting and following *Williams'* "unreasonable application" analysis), *cert. denied*, 533 U.S. 972 (2001). In other words, the standard under § 2254(d)(1)'s

"unreasonable application" clause is whether the state-court decision was objectively unreasonable.[2]

However, these deferential standards, found in the AEDPA amendment, do not apply when the state Court has rejected a claim on procedural grounds or when the claim is unexhausted. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). As a threshold matter, this Court must determine whether a given determination was "on the merits," procedurally barred, or exhausted. *Drinkard*, 97 F.3d at 766. "On the merits" is a term of art that refers to whether a state-court disposition was procedural or substantive. *Green*, 116 F.3d at 1121. *Green v. Johnson* sets forth a three-factor test that speaks to this issue, which this Court will undertake as the circumstances require in the remainder of this Court's Report and Recommendation. *Id.* The important thing to keep in mind at this point in this Court's Report and Recommendation is that if the state-court disposition is found not to be on the merits, then the AEPDA deferential standard, described above, will not apply.

The deferential standard will also not apply if this Court determines that the state-court decision properly denied a petitioner's claim on an adequate and independent state law ground.[3] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). This analysis will be undertaken as circumstances require in subsequent portions of this Report and Recommendation. In any event, this Court may deny any claim on the merits despite the fact that the claim is unexhausted and procedurally barred. *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (*abrogated on other*

---

[2] The Court's self-professed most important point was that the term "unreasonable," as used in the AEDPA, connotes an objective standard–i.e., "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U. S. at 409-10 (emphasis in original). *Williams* rejects the subjective analysis offered in *Drinkard*, 97 F.3d at 767-768, in favor of an objective standard. *Id.* at 410; *see also Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(recognizing rejection of *Drinkard's* subjective reading of the AEDPA).

[3] The Fifth Circuit continues to apply this doctrine, even to a case where the AEDPA would otherwise apply. *See e.g.*, *Haley*, 306 F.3d at 260, 263-64 (declining to apply the AEDPA amendments, despite the fact that the petition for the writ was filed after the enactment of AEDPA).

*grounds* by *Tennard v. Dretke*, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)).

As stated above, Porter raises numerous grounds in his Petition arguing that he was afforded ineffective assistance of counsel. The United States Supreme Court announced its two-prong test for ineffective assistance of counsel claims in *Strickland v. Washington*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). The Defendant must satisfy both prongs by a preponderance of the evidence. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). If the Court finds against the Defendant on either element, then the petition for the writ may be denied on the Petitioner's ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697.

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). "Our scrutiny of counsel's performance is 'highly deferential' and we must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of the counsel's perspective at the time.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Lavernia*, 845 F.2d at 498. Finally, there

is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir.1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert denied* 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S.364, 369 (1993); *Sharp v. Johnson,* 107 F.3d 282, 286 n.9 (5th Cir. 1997).  To meet the prejudice prong, petitioner must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.) *cert denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981) *cert denied*, 456 U.S. 949 (1982).

Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms.  *Strickland*, 466 U.S. at 688.  The Court must determine whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances.  *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001).  In scrutinizing counsel's performance, the Court must make every effort to "eliminate the distorting effects of hindsight," and will not assume that counsel's performance is deficient merely because the Court disagrees with trial counsel's strategy.  *Id.* (citations omitted).

This Court finds that any assertion by Porter that his trial counsel's performance was deficient is without merit. In Ground One of his Petition, Porter claims that his trial counsel was ineffective for failing to quash the indictment.  *See* Petitioner's Motion for Post Conviction Relief pp. 2-3. Porter points out that the indictment charged him with murder pursuant to Miss. Code Ann. § 97-3-19(1)(a).  Porter argues that since the charges against him stemmed from an incident involving Porter as the victim of an illegal sodomy, he should have been charged under

Miss. Code Ann. § 97-3-17, which codifies excusable homicide. Porter claims that his defense counsel should have moved to quash the indictment. However, Porter does not allege a defect in the indictment, but rather that the wrong charge was brought against him. Absent a defect in the indictment, no basis existed for defense counsel to move to quash the indictment. Regardless of his claim, Porter fails to show how counsel's failure to file a motion to quash was either deficient or resulted in prejudice. Thus, Porter's claim in Ground One of his Petition must fail.

In Grounds Two and Four of his Habeas Petition, Porter alleges that his counsel failed to adequately challenge the state's evidence, failed to investigate the factual events, failed to properly investigate the scene of the murder and failed to call witnesses with personal knowledge of the scene. *See* Petitioner's Motion for Post Conviction Relief pp. 2-5. A petitioner who "alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). In Porter's Petition, he claims that "Witnesses should have been called which could have provided personal testimony from personal knowledge that victim was a pedophile and had a pattern of sodomizing young men and administering drugs to induce the inability to resist." *See* Petitioner's Motion for Post Conviction Relief p.3. Porter also argues that counsel "failed to properly investigate the scene of the murder and failed to call witnesses with personal knowledge of the scene." *Id* at 4.

Other than making these blanket allegations, Porter does not furnish the Court specifics indicating what a proper investigation by counsel would have revealed. The Fifth Circuit has made it clear that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th

Cir. 2000); *see also Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002).  Furthermore, Porter fails to prove prejudice because he does reveal how these investigations would have altered the outcome of the trial.  Thus, this Court finds that Porter's claims in Grounds Two and Four of his Petition must fail.

In Ground Three, Porter argues that his counsel, at both the trial and appellate levels, were ineffective in failing to pursue a manslaughter instruction.  *See* Petitioner's Motion for Post Conviction Relief pp. 3-4.  Porter's claim is directly contradicted by the record.  During the jury instruction phase of Porter's trial, the judge indicated that a jury instruction on the lessor offense of manslaughter would be in order.  *See* State Court Record, Vol. 4, pp. 383-385.  The record reflects that Porter's counsel agreed and the prosecutor offered no objection to a manslaughter instruction.  *Id*.  Both the court's and defense counsel's manslaughter instructions were in fact read to the jury.  *See* State Court Record, Vol. 1, pp. 55-56, 69-70.  Thus, Porter's claim regarding the ineffectiveness of his trial counsel in this regard is without merit.  Similarly, Porter's appellate counsel would not have raised this issue on appeal since the manslaughter instruction was given.

In Ground Five, Porter argues that counsel was ineffective in failing to object to the state's alleged improper closing argument.  *See* Petitioner's Motion for Post Conviction Relief p. 16.  Porter was charged in a two-count indictment for  murder and taking a vehicle.  The portion of the closing argument Porter objects to concerns the prosecution's explanation to the jury that the deliberation concerned two counts.  *See* State Court Record, Vol. 4, p. 423. Furthermore, the prosecutor further explained, in accordance with the court's instructions, that if the state failed to meet its burden on the murder count, the jury could consider the lesser included offense of manslaughter.  The Court finds that Porter's counsel had no reason to object

to these statements and his failure to object does not rise to a constitutional violation. Furthermore, Porter fails to show either deficiency or prejudice by counsel's inaction. Thus, Porter's claim in Ground Five of his Petition must fail.

In Ground Six, Porter argues that defense counsel failed to object to the state's improper strikes of jury venire. *See* Petitioner's Motion for Post Conviction Relief pp. 16-17. In his Petition, Porter does not indicate which strikes were improper and upon what basis counsel would have raised an objection. *Id*. Again, Porter's claims are conclusory in nature and fail to state how counsel's inaction affected his right to a fair trial. As noted earlier, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Porter also alleges in Ground Six that his counsel was ineffective in failing to make the jury selection process part of the record on appeal. Since Porter fails to indicate which jurors were improperly stricken, his claim that counsel was deficient by not including the jury selection process as part of the appellate record must equally fail. In Ground Six, Porter does not show how counsel's performance was either deficient or resulted in actual prejudice, thus his claims do not raise a viable constitutional violation.

In Ground Seven of his Petition, Porter argues that he was denied due process of law where the "trial court made a *sua sponte* example to the jury that some people are raped and some are not." *See* Petitioner's Motion for Post Conviction Relief p. 6. Respondent's point out that although Porter raises this claim in his Petition under "ineffective assistance of counsel", Porter previously argued the exact "due process" claim in state court. *See* Response to Court Order pp. 20-21. Thus, Respondents liberally construe this to be a "due process" claim as opposed to an "ineffective assistance of counsel" claim in order to prevent the matter from being

considered unexhausted and procedurally barred from review. *Id*.

The judge's statements Porter complains about are found during voir dire:

> And some people are raped and some are not, and I don't think that we should just eliminate from the jury pool those people who have been raped before. And the fact that you have somebody in the family that was charged and convicted of murder per se should not remove you from being a juror unless, in your opinion, you think that as you went-I guess you went through the criminal process in that case. Did you serve as a witness or sit in the audience?

State Court Record, Vol. 2, p.132.

Porter's due process rights were not denied by the judge's comments listed above. Respondents point out, and the court agrees, that numerous times during the *voir dire* and trial, the judge exercised caution in order to ensure that Porter was given both a fair jury and a fair trial. *See* State Court Record, Vol. 2, pp. 72-77, 96-107, 108-109, 116-119, 131-132. The record reflects that when the judge made the statements Porter assigns as a ground for habeas relief, the judge was not commenting on the facts or evidence of the case, but instead was merely illustrating a point. *See* State Court Record, Vol. 2, pp. 131-132. Thus, Porter's claim that his due process rights were violated fails.

In Ground Eight of his Petition, Porter argues that his counsel was ineffective for failing to introduce evidence at trial that he suffered from bipolar disorder. *See* Petitioner's Motion for Post Conviction Relief p. 7. Porter claims that psychological evidence existed which was relevant to his defense since such a disorder is relevant to his ability to function rationally during the events and circumstances resulting in his conviction. *Id*. The record shows that Porter's counsel was knew of Porter's mental history and had him evaluated prior to trial. *See* State Court Record, Vol. 4, p. 386; *see also* State Court Record, Vol. 2, p. 31. Although Porter's counsel did not put on direct evidence regarding his mental condition, the jury was aware that Porter had

been on medication and under the care of a psychologist, as evidenced by Porter's testimony on cross-examination.  *See* State Court Record, Vol. 4, p. 366-367.  Regardless, of Porter's counsel's reason to offer such evidence, rather strategic or otherwise, Porter fails to show how counsel's actions in this regard were either deficient or prejudicial.

In Ground Nine of his Petition, Porter argues that the cumulative effect of counsel's ineffectiveness deprived him of his constitutional right to a fair trial and an effective direct first appeal as of right.  *See* Petitioner's Motion for Post Conviction Relief pp. 7 and 30-32.  As evidenced through the analysis above, each of Porter's Habeas Grounds fail to effectively prove either deficiency or prejudice as required under the *Strickland v. Washington* standard. "Meritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised. *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (citations omitted).  Thus, this Court finds that Porter's claim in Ground Nine of his Petition must fail.

## CONCLUSION

Porter's conviction became final on October 19, 2004.  Thereafter, Porter had one year or until October 19, 2005, to file a federal petition for a writ of habeas corpus.  At the earliest, Porter filed his federal habeas petition on March 16, 2006, some one-hundred and forty eight (148) days past the October 19, 2005, deadline.  Even if the Court tolled the limitations period for the twenty eight (28) days that Porter's improperly filed pleadings were pending in the state courts, his petition would still not be considered to be timely filed under the provisions of 28 U.S.C. § 2244(d).  Thus, this Court finds that  Porter is entitled to neither statutory nor equitable tolling.  It is the recommendation of this Court that Porter's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. §

2244(d).

Although this Court finds that Porter's Habeas Petition is barred by 28 U.S.C. § 2244(d), the Court also finds that Porter's claims regarding ineffective assistance of counsel are without merit. In Grounds One through Nine of his Petition, Porter fails to satisfy either prong of the *Strickland v. Washington* test in order to prove ineffective assistance of counsel.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   26th   day of January, 2007.

                                                                   s/ John M. Roper, Sr.
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE