IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



RODNEY GADDIS PORTER                                    PETITIONER

VERSUS                                  CIVIL ACTION NO. 1:06cv226WJG-JMR

DOLAN WALLER and JIM HOOD                               RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Rodney Gaddis Porter's objection [17-1] to the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [14-1] entered in this cause on January 26, 2007. Also before the Court is the respondent's motion to dismiss [7-1] Porter's *habeas corpus* petition based on the provisions of 28 U.S.C. § 2244(d), and Porter's motion for default or summary judgment [9-1].

The Court has thoroughly reviewed the findings in the Report and Recommendation in addition to the positions of the parties advanced in the motion and objection. The respondent contended that Porter's *habeas* petition was not timely filed and should be dismissed.

This *habeas* petition is governed by the Antiterrorism and Effective Death Penalty Act [AEDPA] of 1996. *See Green v. Johnson* 116 F.3d 1115, 1119-20 (5th Cir. 1997). The AEDPA, 28 U.S.C. § 2244(d)(1), instituted a limitation period for filing *habeas* petitions and provides in pertinent part as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

A petitioner's *pro se* status, illiteracy, deafness, or lack of legal training, among other reasons, do not excuse an untimely filing of a *habeas* petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). That time period can be tolled by the pendency of a properly filed motion for post-conviction relief. 28 U.S.C. § 2244(d)(1).

Porter was convicted of murder and taking possession of a motor vehicle on November 21, 2002. (Ct. R., Doc. 7, Exh. A.) Following appeal, the Mississippi Court of Appeals affirmed Porter's conviction and sentence on October 4, 2004. *Porter v. State*, 885 So.2d 92 (Miss. App. 2004). Porter filed a motion for post-conviction relief on October 15, 2005. (Ct. R., State Court Documents, Mot. # 2005-3295.) The application was returned to Porter on November 10, 2005. (*Id.*, Mot. # 2005—01962.) On January 26, 2006, Porter filed a motion for post-conviction relief and to set aside his conviction and sentence. (*Id.*, Mot. # 2006-6238.) The application was denied on February 15, 2006. (*Id.*, Doc. # 2005—01962.)

Porter's objection argues that he did seek further review, and that the Mississippi Supreme Court did not deny the request until February 15, 2006. (Ct. R., Doc. 8, p. 1.) He claims that his objection was not considered by the court. (*Id.*, p. 2.) The petition for *habeas* relief was filed in this case on March 20, 2006. (Ct. R., Doc. 1.)

Under the AEDPA, Porter's petition for *habeas* relief was due for filing on January 3, 2006, ninety days after the Mississippi Supreme Court entered judgment on his case which allowed him time to seek a petition for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The one-year statute of limitations on *habeas* petitions begins to run when the judgment of conviction becomes final, not when the petitioner becomes aware that the judgment is final. 28 U.S.C. § 2244(d)(1)(A); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002). Porter filed a motion "to stop time toll" on September 15, 2005. (Ct. R., Doc. 7, Exh. C.) The motion was denied on September 20, 2005. (*Id.*, Exh. D.) Porter then filed his motion for leave to file a motion for post-conviction collateral relief on October 18, 2005. (*Id.*, Exh. E.) The Mississippi Supreme Court returned this application to Porter on November 10, 2005, for failure to comply with the procedural and statutory requirements of Mississippi Code Annotated §§ 99-39-9 and 99-39-27. (*Id.*, Exh. F.) Finally, on January 23, 2006, Porter filed an application to proceed in trial court with an attached motion for post-conviction relief. (*Id.*, Exh. G.) The petition was not timely filed within the one-year period allowed by the AEDPA, as the magistrate judge so found. (Ct. R., Doc. 14.)

Rule 72(a) of the Federal Rules of Civil Procedure states that the ruling of a magistrate judge is reviewed under a deferential standard, requiring that the order be upheld unless it is clearly erroneous or contrary to law. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court must determine if in this case the magistrate judge, as reflected in his Report and Recommendation, was clearly erroneous in its method of calculating the applicable statute of limitations for filing of *habeas* claims under the AEDPA.

The doctrine of equitable tolling is applied only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). The Court has thoroughly reviewed Porter's objection and claim that equitable tolling should apply in this case and finds that this case does not encompass an exceptional circumstance which would merit equitable tolling. *See Emerson v. Johnson,* 243 F.3d 931, 933 (5th Cir. 2001); *Williams v. Cain*, 217 F.3d 303, 305-11 (5th Cir. 2000). Even if the petition were timely filed, the magistrate judge found in the alternative that the motion lacked merit. (Ct. R., Doc. 14, pp. 6-16.

Accordingly, the Court finds no grounds to overturn the Report and Recommendation and further finds that the Report and Recommendation of Chief Magistrate Judge John M. Roper entered on or about January 26, 2007, should be adopted as the finding of this Court. The Court further concludes that the magistrate judge's Report and Recommendation correctly found that the motion to dismiss should be accepted. As a result, the Court finds that Porter's motion for default should be denied as moot. It is, therefore,

ORDERED AND ADJUDGED that Porter's motion for default [9-1] or summary judgment be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that Porter's objection [17-1] to the Report and Recommendation entered in this cause on January 26, 2007, be, and is hereby, overruled. It is further,

ORDERED AND ADJUDGED that the Report and Recommendation [14-1] of Chief Magistrate Judge John M. Roper entered on or about January 26, 2007, be, and is hereby, adopted as the finding of this Court. It is further,

ORDERED AND ADJUDGED that the motion to dismiss [7-1] be, and is hereby, granted. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED this the 5th day of March, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE